IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Cr. No. 17-3504 KG

TRANCITO GUSTAVO JIMENEZ-HERNANDEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Trancito Jimenez-Hernandez, proceeding *pro se*, filed an Emergency Motion to Reduce or Modify Sentence to Time Served Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) – Compassionate Release (Motion). (Doc. 110). The United States timely responded, (Doc. 116), and Mr. Jimenez did not file a Reply. After reviewing the briefing and the relevant law, the Court denies the Motion (Doc. 110).

I.     Background

On June 19, 2018, Mr. Jimenez pled guilty to one count of distribution of 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of conspiracy, in violation of 21 U.S.C. § 846. (Docs. 71, 72). On November 28, 2018, the Court sentenced Mr. Jimenez to 84 months' imprisonment and five years of unsupervised release. (Doc. 83). Mr. Jimenez's current projected release date is June 4, 2024. (Doc. 116) at 4.

Presently before the Court is Mr. Jimenez's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act. (Doc. 110). In his Motion, Mr. Jimenez explains that he has been "diagnosed with Colon Cancer" and has served "61.1% of his 84 month sentence[.]"

*Id.* at 3. Mr. Jimenez contends his medical condition and his time-served constitute an extraordinary and compelling reason justifying compassionate release. *Id.*

In Response, the United States asserts Mr. Jimenez does not have a diagnosis of colon cancer and, therefore, cannot establish that his medical condition presents an extraordinary and compelling reason permitting relief. (Doc. 116) at 9–10. Instead, Mr. Jimenez appears to suffer from internal hemorrhoids, not colon cancer. *Id.* The United States argues that there is nothing extraordinary or compelling about Mr. Jimenez's circumstances and asks this Court to deny the Motion.

II.  Discussion

The Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831.[1] "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United*

---

[1] The Court acknowledges the threshold issue of whether Mr. Jimenez exhausted his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that court may only award compassionate release after petitioner has "fully exhausted all administrative rights"). The parties agree that he has. (Doc. 116) at 5–6.

2

*States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting *McGee*, 922 F.3d at 143; citing *Maumau*, 993 F.3d at 831 n.4).

Mr. Jimenez's Motion fails at the first step, that is, he failed to establish any extraordinary and compelling reasons warranting a reduction in sentence. While Mr. Jimenez asserts he was diagnosed with colon cancer, his medical records paint a different picture: the operative report from his July 6, 2021 diagnostic colonoscopy revealed "[t]race internal hemorrhoids" and an "[o]therwise complete and normal colonoscopy examination up to the cecum and terminal ileum." (Doc. 116-3) at 43. Mr. Jimenez identified no other medical conditions that could warrant a reduction in sentence.

Given that Mr. Jimenez's medical records belie his claim that he suffers from colon cancer, and given that he presents no other argument for why his case presents an extraordinary and compelling reason, the Court finds he failed to present such a reason for compassionate release.

III.  Conclusion

Mr. Jimenez's Motion (Doc. 110) fails to present an extraordinary and compelling reason for compassionate release. Accordingly, the Motion is denied without prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

3